IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Patrick J. Gause a/k/a Patrick Jamar Gause,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>J. Rueben Long Detention Center; C. Eden;<br>Mike Jernigan; Sandy Lowe; and Shellia<br>Falvo,<br><br>　　　　　Defendants. | C/A No.: 5:21-2624-RBH-KDW<br><br><br><br><br>REPORT AND RECOMMENDATION |

　　　　Patrick J. Gause a/k/a Patrick Jamar Gause ("Plaintiff"), proceeding pro se, is an inmate incarcerated in the J. Reuben Long Detention Center ("JRLDC"). He filed an Amended Complaint alleging a violation of his constitutional rights by JRLDC, C. Eden, Mike Jernigan ("Jernigan"), Sandy Lowe ("Lowe"), and Shellia Falvo ("Falvo"). Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), the undersigned is authorized to review such complaints for relief and submit findings and recommendations to the district judge. For the reasons that follow, the undersigned recommends the district judge dismiss the Amended Complaint.

I.　　　Factual and Procedural Background

　　　　On September 7, 2021, the court issued an order notifying Plaintiff that his Complaint was subject to summary dismissal because he failed to allege sufficient factual allegations to state a claim against the named Defendants. ECF No. 14. The order further advised Plaintiff he had 14 days within which to file an amended complaint or otherwise cure the identified deficiencies in his pleadings. *Id*. Plaintiff filed his Amended Complaint on September 16, 2021. ECF No. 18.

　　　　Plaintiff states he and inmate Hale were involved in a fight. ECF No. 18-1. Plaintiff alleges JRLDC disciplinary policy states that any inmate charged with fighting will be placed in the

maximum security unit ("MSU") pending a hearing that will be held within five days. *Id.* at 1. Plaintiff states JRLDC policy further provides that an inmate can be sentenced up to 15 days in MSU if they are found guilty. *Id.* Plaintiff says he was placed in MSU on June 8, 2021, but his hearing was not held until June 15, 2021, which was two days past the hearing deadline. *Id.* Plaintiff says he and Hale were both found guilty of fighting. *Id.* Plaintiff states he was sentenced to an additional 15 days in MSU, where he was not allowed any of his personal property, hygiene, or legal papers, and his mattress, sheets, and blankets were taken daily from 6 a.m. to 6 p.m. *Id.* Plaintiff says in the 25 days he was in MSU, he was only allowed five showers and two phone calls. *Id.* Plaintiff claims he was forced to eat with a spork and to drink out of a paper cone cup. *Id.* Plaintiff alleges the toilet in his cell flushed every 15 minutes, the cell door window was covered, and he could not look out the windows. *Id.* Plaintiff claims Hale was placed in minimum security where he kept his property, bed, sheets, and blankets. *Id.* at 2. Plaintiff says Hale was able to shower, use the phone daily, and order canteen food from the store. *Id.* Plaintiff says he asked officers why he received a greater punishment than Hale, and he was told the following:

- Lowe told him it was none of his business what happened to another inmate;
- Eden told Plaintiff it was his choice to put Plaintiff in MSU, and Hale in minimum security, end of story.
- Jernigan told Plaintiff you were in MSU because "You're Patrick Gause, You Know don't knowbody here like you."
- Falvo told Plaintiff to "stop bitching your out of MSU now."

*Id.* at 2-3.

Plaintiff also claims he advised Lieutenant Corporal Elliott ("Elliott") on August 26, 2021, that a group of gang members in Unit C-4 threatened his life. ECF No. 18-3 at 1. Plaintiff states Elliott tried to move him to Unit C-4 and when Plaintiff refused to move because he was afraid of being hurt, Elliott wrote him up. *Id.* Plaintiff states he was placed on red status pursuant to JRLDC policy following his write-up. *Id.* at 2. Plaintiff claims he is still on red status in violation of JRLDC policies that require a disciplinary hearing to be held 5 working days after the date of the infraction.

*Id.* at 1–2. Plaintiff states an additional 5 days may be granted, but only with written documentation. *Id.* Plaintiff says the major wrote him on September 10, 2021, asking him to give the unit manager the names of the inmates who threatened him. *Id.* at 2. Plaintiff states he gave him the names on September 12, 2021. *Id.*

II.     Discussion

    A.     Standard of Review

Plaintiff filed his Amended Complaint pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without prepaying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss a case upon a finding that the action fails to state a claim on which relief may be granted or is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). A claim based on a meritless legal theory may be dismissed sua sponte under 28 U.S.C. § 1915(e)(2)(B). *See Neitzke v. Williams*, 490 U.S. 319, 327 (1989).

Pro se complaints are held to a less stringent standard than those drafted by attorneys. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). A federal court is charged with liberally construing a complaint filed by a pro se litigant to allow the development of a potentially meritorious case. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In evaluating a pro se complaint, the plaintiff's allegations are assumed to be true. *Fine v. City of N.Y.*, 529 F.2d 70, 74 (2d Cir. 1975). The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so. Nevertheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

B.     Analysis

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although the court must liberally construe a pro se complaint, the United States Supreme Court has made it clear that a plaintiff must do more than make conclusory statements to state a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Rather, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face, and the reviewing court need only accept as true the complaint's factual allegations, not its legal conclusions. *Iqbal*, 556 U.S. at 678–79.

Plaintiff's conditions of confinement claims are subject to summary dismissal as Plaintiff has failed to allege sufficient facts to establish a violation of his constitutional rights. *See Strickler v. Waters*, 989 F.2d 1375, 1379 (4th Cir. 1993) (holding that to state a claim that conditions of confinement violate constitutional requirements, "a plaintiff must show both (1) a serious deprivation of a basic human need; and (2) deliberate indifference to prison conditions on the part of prison officials."); *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (explaining that to demonstrate that the conditions deprived him of a basic human need, a plaintiff must allege that officials failed to provide him with humane conditions of confinement, such as "adequate food, clothing, shelter, and medical care, and [taking] reasonable measures to guarantee the safety of the inmates."); *Strickler*, 989 F.2d at 1381 (holding a plaintiff asserting unconstitutional conditions of confinement must demonstrate that he suffered a serious or significant physical or mental injury as a result of the challenged condition); *United States v. Alkire*, 82 F.3d 411 (4th Cir. 1996) (finding there is no constitutional right to use a telephone while in prison); *Smalls v. Myers*, No. 9:05-2995-GRA-GCK, 2006 WL 1454779, at *7 (D.S.C. May 24, 2006) ("Being forced to sleep on the floor . . ., in and of itself, does not rise to a level of a constitutional violation."); *Brown v. Faggart*, No.:

No. 1:09–CV–573, 2013 WL 316152, at *3 (M.D.N.C. Jan. 28, 2013) ("Correctional officials are not required to provide comfortable jails, even for pretrial detainees. . . . [I]t is not unreasonable for a pretrial detainee to expect to experience a short-term imposition on a basic human necessity."); *Davenport v. DeRobertis*, 844 F.2d 1310, 1316–17 (7th Cir. Cir.), cert. denied, 488 U.S. 908 (1988) (holding that restricting inmates in segregated confinement to one shower per week did not violate their constitutional rights); *Hinojos v. Byars*, No. CA 2:13–1900–JFA–WWD, 2014 WL 3687400, at *5 (D.S.C. July 23, 2014) (granting summary judgment to defendants where Plaintiff's prison conditions included a sink with water in his cell and access to showers, "albeit not as often as desired.").

Plaintiff's allegations that Defendants failed to follow the rules and procedures of JRLDC are insufficient to state a due process violation. "The failure of prison officials to follow their own policies or procedures, standing alone, does not amount to a constitutional violation." *Johnson v. S.C. Dep't of Corrections*, No. 06–2062, 2007 WL 904826, at *12 (D.S.C. Mar. 21, 2007); *Riccio v. Cnty. of Fairfax, Va.*, 907 F.2d 1459, 1469 (4th Cir. 1990) (explaining if state law grants more procedural rights that the Constitution requires, a state's failure to abide by that law is not a federal due process issue); *Keeler v. Pea*, 782 F. Supp. 42, 44 (D.S.C. 1992) (holding violations of prison policies which fail to reach the level of a constitutional violation are not actionable under § 1983).

To the extent Plaintiff is attempting to allege a claim against Defendants for racial discrimination, this claim is also subject to summary dismissal. To succeed on an equal protection claim under the Fourteenth Amendment, Plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination." *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001). The undersigned finds Plaintiff's allegations that he was punished more harshly than inmate Hale because the guards did not like him, without more, is insufficient to support a claim

of discrimination. *See Chapman v. Reynolds*, 378 F. Supp. 1137, 1140 (W.D. Va. 1974) (noting a merely conclusory allegation of discrimination, without facts supporting the assertion that an officer's conduct was motivated by the litigant's race, is insufficient to state an actionable § 1983 claim). Accordingly, Plaintiff's Amended Complaint should be summarily dismissed.

III.    Conclusion and Recommendation

By order issued on September 7, 2021, the undersigned gave Plaintiff an opportunity to correct the defects in his Complaint and further warned Plaintiff that if he failed to cure the identified deficiencies, the undersigned would recommend to the district court that the action be dismissed without leave for further amendment. As discussed herein, Plaintiff's Amended Complaint fails to correct the deficiencies, and like the original Complaint, fails to state a claim upon which relief can be granted. Accordingly, the undersigned recommends that the district court dismiss this action with prejudice. *See Goode v. Cent. Va. Legal Aid Soc'y, Inc.*, 807 F.3d 619, 630 (4th Cir. 2015)).

IT IS SO RECOMMENDED.

September 22, 2021                                  Kaymani D. West
Florence, South Carolina                            United States Magistrate Judge

**The parties are directed to note the important information in the attached "Notice of Right to File Objections to Report and Recommendation."**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. [I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 2317**
> **Florence, South Carolina 29503**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).