UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ORANGEBURG DIVISION

| | |
|---|---|
| Patrick J. Gause, | Civil Action No.: 5:21-cv-02624-RBH |
| Plaintiff, | |
| v. | **ORDER** |
| J. Rueben Long Detention Center; C. Eden; Mike Jernigan; Sandy Lowe; and Shellia Falvo, | |
| Defendants. | |

This matter is before the Court for consideration of Plaintiff Patrick J. Gause's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Kaymani D. West, who recommends summarily dismissing Plaintiff's amended complaint with prejudice.[1] *See* ECF Nos. 23, 26, & 28.

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed pro se is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of pro se litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Plaintiff has filed his amended complaint pursuant to 42 U.S.C. § 1983 against J. Reuben Long Detention Center ("JRLDC"), Lieutenant C. Eden, Lieutenant Mike Jernigan, Sergeant Sandy Low, and Corporal Shellia Falvo alleging cruel and unusual punishment, violation of his due process rights, and discrimination.[2] *See* ECF No. 18. The Magistrate Judge recommends summarily dismissing Plaintiff's amended complaint because (1) Plaintiff failed to allege sufficient facts to establish his conditions of confinement violated his constitutional rights, (2) Plaintiff's allegations that Defendants failed to follow JRLDC rules and procedures are insufficient to state a due process violation, and (3) Plaintiff's allegations that he was punished more harshly than an inmate he got into a fight with were insufficient to support a claim for discrimination. *See* ECF No. 23.

In his objections, Plaintiff restates his prior arguments that Defendants (1) put his life in danger by putting him in housing with people who threatened him; (2) took certain actions towards him because they do not like him; (3) broke policy by holding a hearing two days late; and (4)

---

[2] The R & R thoroughly summarizes Plaintiff's allegations. *See* ECF No. 23.

treated him more harshly than the inmate he got in a fight with.[3]  *See* ECF Nos. 26 & 28.  However, he does not address the Magistrate Judge's three conclusions above.  Thus, the Court need only review the Magistrate Judge's recommendations for clear error, and the Court's review of the R & R reveals no clear error in its analysis.  *See Diamond*, 416 F.3d at 315 (stating a district court need only review the Magistrate Judge's R & R for clear error in the absence of specific objections); s*ee also United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007) ("[T]o preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection.").

## Conclusion

For the foregoing reasons, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 23] and **DISMISSES** Plaintiff's amended complaint *with prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina  
October 18, 2021

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[3]  Plaintiff also raises new allegations concerning the conditions of his confinement that were not raised as allegations in his amended complaint and that do not address any specific error in the R & R.  *See* ECF No. 28.  However, "Plaintiff cannot use his objections to plead new facts not alleged in his complaint." *Vanzant v. Carolina Ctr. For Occupational Health*, No. 8:14-CV-03725, 2015 WL 5039302, at * 4 (D.S.C. Aug. 25, 2015).

3